Filed 7/6/16  P. v. Lopez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262402 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA107185) |
| v. | |
| GABRIEL LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed as modified.

Sylvia Ronnau, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Gabriel Lopez appeals from the judgment entered following his conviction by jury of two felonies, possessing (Health & Saf. Code, § 11378) and transporting (Health & Saf. Code, § 11379, subd. (a)) methamphetamine for sale, and two misdemeanors, possessing a methamphetamine pipe (former Health & Saf. Code, § 11364.1, subd. (a)(1)) and falsely identifying himself to a peace officer (Pen. Code, § 148.9, subd. (a)).[1] Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. We direct the clerk of the superior court to correct a clerical error in the abstract of judgment and otherwise affirm.

## FACTUAL BACKGROUND

At around 4:00 a.m. on June 30, 2014, uniformed West Covina Police Department officer Nicholas Franco was driving his patrol vehicle through an area known for having high rates of drug activity and property crime. He saw a car make a wide right turn without using its turn signal. Believing the car had violated two provisions of the Vehicle Code, Franco initiated a traffic stop by activating his patrol vehicle's overhead lights and spotlights. The car did not stop immediately; it continued driving at a slow speed for approximately 30 to 45 seconds, traveling about 500 feet. During that time, Franco saw the person sitting in the front passenger seat "make furtive movements" while apparently reaching forward toward the front passenger floorboard.

The car eventually pulled into a gas station and stopped near a gas pump. Franco parked his patrol car behind the car and walked up to the driver's side of the vehicle. He told the female driver why he had stopped her and asked for her driver's license. Franco also asked the passenger, whom he identified in court as defendant, for his identification. Defendant told Franco he did not have any identification with him. Defendant gave his true birthdate but told Franco his name was Ronald Lopez.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Franco returned to his patrol car and provided dispatch with the information from defendant and the driver's identification card. Dispatch found a match for the driver in the Department of Motor Vehicles database but could not locate a record for Ronald Lopez. Franco called for backup so that he could investigate further. Officer Eric Melnyk responded to Franco's call.

Franco directed Melnyk to "keep an eye on" defendant while Franco spoke to the driver outside the car. When he concluded that conversation less than two minutes later, Franco asked the driver to sit near the gas pump. She complied, and Franco asked defendant to get out of the car. Franco walked defendant about five to seven feet away from the car and gas pump. Defendant denied having anything illegal on his person and gave Franco permission to search him. During the search, Franco found $75. Franco also "confronted the defendant with the fact that there was no match through the D.M.V. with the information he provided me, and that I believed he was lying to me about his true name and date of birth." At that time, the driver, who was sitting nearby, shouted, "Just tell him the truth." Defendant then told Franco that Ronald Lopez was not his true name and identified himself as Gabriel Lopez.

Franco arrested defendant and obtained the driver's permission to search the car. He began with the front passenger floorboard area, where he had seen defendant reaching before the car stopped. Franco tugged on the plastic molding where the console meets the carpeting and found four methamphetamine pipes beneath it. On the driver's side of the car, he found a soft blue pouch affixed to the steering column with a magnet. Inside that pouch, Franco found two smaller pouches. Inside both of those were small plastic baggies containing a white crystalline substance Franco believed to be methamphetamine. Franco confirmed this suspicion by testing a sample from each baggie "with an individual Nartec presumptive test kit." Franco, who had received narcotics training and belonged to the California Narcotics Officer Association, testified that the amount of methamphetamine in the baggies "exceeds several hundred times of usable quantity." Senior criminalist Michael Vanesian later tested the contents of one of

3

the baggies and concluded that it contained 27.276 grams of methamphetamine. The gross weight of the baggies recovered from the pouches and their contents was 59.375 grams.

Franco recovered empty baggies from the driver's purse, which he searched with her permission. He also found an envelope containing a "wad" of $100 bills, along with several five-bill bundles of $20 bills. In total, the driver's purse contained approximately $2,900 in cash. Franco booked all of the cash and other items from the car into evidence.

Officer Melnyk drove defendant to the West Covina police station and booked him into the jail. During the booking process, defendant told Melnyk that his true name was Gabriel Lopez, Jr.

After defendant was booked, Franco advised him of his *Miranda* rights. Defendant said he understood his rights and was willing to talk about what happened. Franco testified that during the ensuing conversation, defendant informed him that he and the driver, who was his girlfriend, "intended on selling the majority of the methamphetamine in a way to recoup monies that they had lost from gambling." Defendant also admitted concealing the methamphetamine pipes beneath the plastic molding in the car, and further admitted that he knew what they were doing was illegal.

## PROCEDURAL HISTORY

On September 26, 2014, the Los Angeles County district attorney filed a four-count information charging defendant with possessing methamphetamine for sale (Health & Saf. Code, § 11378), transporting methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a)), possessing a device for smoking methamphetamine (former Health & Saf. Code, § 11364.1, subd. (a)(1)), and falsely identifying himself to a peace officer (§ 148.9, subd. (a)). The information further alleged that defendant suffered three prior felony convictions within the meaning of section 667.5, subdivision (b), and six prior felony convictions within the meaning of section 1203, subdivision (e)(4).

On September 30, 2014, defendant filed a motion to suppress the methamphetamine, pipes, and his statements to Franco on the ground that the detention

4

was not based upon reasonable suspicion.  The trial court held a hearing on the motion on November 17, 2014, after which it concluded that the totality of the conduct by both defendant and the driver supported a brief stop and that defendant's statements to Franco gave probable cause for his arrest.  The trial court accordingly denied the motion to suppress.

Defendant also filed a *Pitchess*[2] motion on September 30, 2014.  In it, he requested information regarding allegations against Franco "for misconduct amounting to moral turpitude."  In her declaration supporting the motion, defendant's counsel stated that defendant contested one of the two alleged Vehicle Code violations Franco cited for the stop, denied making furtive movements, and denied stating that he intended to sell the methamphetamine found in the car.  The court held a hearing on the motion on October 22, 2014.  The court denied the motion without prejudice and allowed defendant's counsel to supplement her declaration to include a challenge to the second alleged Vehicle Code violation.  After considering supplemental submissions from both sides and holding a second hearing, the court granted defendant's motion in part, as to allegations of "dishonesty, writing false reports, and giving false testimony."  The court conducted an in camera review and determined that "no information of the type sought will be disclosed."

Defendant proceeded to jury trial on November 18, 2014.  During the trial, the court overruled his hearsay objection to Franco's testimony regarding the driver's comment, "Just tell him the truth."  The prosecutor argued that defendant aided and abetted his girlfriend's possession and transportation of methamphetamine, and the court instructed the jury on this theory.  The jury ultimately returned guilty verdicts on all four of the charges.

Defendant waived his right to a jury trial on his priors and admitted that he previously had been convicted of felony second degree burglary (§ 459) and felony grand

---

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

5

theft (§ 487, subd. (a)) for purposes of section 667.5, subdivision (b). The court subsequently struck the burglary prior. It sentenced defendant to the high term of four years on the charge of transporting methamphetamine for sale (Health & Saf. Code, § 11379) after finding that he had suffered numerous prior convictions and had served prior prison terms (Cal. Rules of Court, Rule 4.421(b)(2), (3)). The court imposed an additional one year, consecutive, for the remaining prison prior. The court imposed the two-year midterm on the charge of possession for sale (Health & Saf. Code, § 11378) but stayed that sentence pursuant to section 654. The court sentenced defendant to 180 days time served on each of the misdemeanor counts and imposed various fines and fees. The court gave defendant credit for a total of 361 days.

Defendant timely appealed.

## DISCUSSION

Defendant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Counsel also requested review of the sealed transcript of the in camera proceeding on the *Pitchess* motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232.) On January 25, 2016, we advised defendant that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. We received no response.

This court has examined the entire record in accordance with *Wende*, *supra*, 25 Cal.3d at pp. 441-442. This court also has independently reviewed the sealed transcript of the in camera proceeding on the *Pitchess* motion. (*People v. Mooc*, *supra*, 26 Cal.4th at p. 1232.) We agree with counsel that no arguable issue exists on appeal.

Although our review of the record revealed no arguable bases for reversal, it did reveal an error in the abstract of judgment. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, "[c]ourts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed

6

jurisdiction of cases" (*ibid.*), may order correction of an abstract of judgment that does not accurately reflect the oral pronouncement of sentence (*id.* at pp. 185-188). (See also *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) Here, the abstract of judgment indicates that defendant was sentenced to a midterm of zero years on the possession for sale count (Health & Saf. Code, § 11378) rather than the two-year midterm the court orally imposed and stayed. This error should be corrected.

## DISPOSITION

We direct the clerk of the superior court to amend the abstract of judgment to reflect that a midterm of two years was imposed and stayed on the possession for sale count (Health & Saf. Code, § 11378), and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

7